# In the United States Court of Federal Claims

No. 19-710L

(Filed: March 27, 2020)

```
*************************************  *
                                       *
AEG INVESTMENTS, LP, et al.,           *
                                       *
                    Plaintiffs,        *      Election of Counsel; Discharge of
                                       *      Counsel; ABA Model Rule 1.16;
v.                                     *      Legal Ethics.
                                       *
UNITED STATES,                         *
                                       *
                    Defendant.         *
                                       *
*************************************  *
```

OPINION AND ORDER

WHEELER, Judge.

This is a rails-to-trails Fifth Amendment takings case, in which the plaintiffs seek compensation for the Government's alleged taking of their property to form a public park. Now before the Court is attorney Mark F. Hearne, II's motion to enter an appearance on behalf of plaintiff Judy Johnson, for the limited purpose of dismissing her claims. Ms. Johnson is putatively represented in this case by attorney Lindsay S.C. Brinton. For the reasons that are discussed below, the Court STAYS consideration of Mr. Hearne's motion.

Background

This case, along with several related cases, involves allegations that the Government took the plaintiffs' land when it converted a former rail corridor into a public park. Compl. ¶¶ 3–8. Like many plaintiffs in this and the other cases, Judy Johnson retained attorneys who worked for Arent Fox, L.P. at its St. Louis, Missouri office to represent her in a potential case against the Government. See Dkt. 27 at 1–2. At this time, both Ms. Brinton and Mr. Hearne worked at Arent Fox in its St. Louis office. Id. at 1. However, before a case was filed on behalf of Ms. Johnson, Arent Fox closed its St. Louis office, and Ms. Brinton and Mr. Hearne joined separate firms. Id. at 2–3.

On February 19, 2019, Ms. Johnson signed an engagement letter with Ms. Brinton and her new firm, Lewis Rice LLC. Dkt. 27-1 at 2. On March 18, 2019, Ms. Johnson signed a separate engagement letter with Mr. Hearne and his new firm, Larson O'Brien LLP. Dkt. 29-2 at 2. E-mails between representatives of the two law firms show that both firms believed they represented Ms. Johnson's interests in a potential rails-to-trails case. E.g., Dkt. 29-3 at 2–3. During this time, Ms. Johnson communicated with Mr. Hearne, but not Ms. Brinton; she sent Mr. Hearne an email indicating that she wanted him and Larson O'Brien, not Ms. Brinton and Lewis Rice, to represent her. Dkt. 22-2 at 1. In order to clarify who represented Ms. Johnson and other similarly situated clients, Lewis Rice and Larson O'Brien sent out a joint letter on June 3, 2019, to those people who had signed engagement letters with both firms. Dkt. 27 at 7–8. Ms. Johnson never responded to that letter. See id.

Meanwhile, Ms. Brinton and Mr. Hearne were not idle. Ms. Brinton filed this case on May 14, 2019; she included Ms. Johnson as a plaintiff. Mr. Hearne filed a similar rails-to-trails case, 4023 Sawyer Road I, LLC v. United States, No. 19-757, on May 21, 2019. He too named Ms. Johnson as a plaintiff. Both cases have proceeded apace. On March 3, 2020, Mr. Hearne filed a motion to appear in this case on behalf of Ms. Johnson, for the limited purpose of dismissing her claim from this action so that it could be raised in 4023 Sawyer Road. Dkt. 22. Ms. Brinton filed a response to Mr. Hearne's motion on March 18, 2020, and Mr. Hearne filed his reply on March 25, 2020; this reply included a declaration from Ms. Johnson reiterating that she desired to be represented by Mr. Hearne. Dkt. 27; Dkt. 29.

Discussion

The Rules of the United States Court of Federal Claims do not explicitly incorporate the ABA Model Rules of Professional conduct. Nonetheless, the Court "use[s] the ABA model rules 'to provide guidance regarding counsel's obligations to the [C]ourt.'" FMS Investment Corp. v. United States, 137 Fed. Cl. 99, 102 (2018) (quoting Edmonds ex rel. Edmonds v. Sec'y of Dep't of Health & Human Servs., No. 04-87V, 2012 WL 1229149, at *12 n.32 (Fed. Cl. Mar. 22, 2012)) (second alteration in original). Rule 1.16 of the ABA Model Rules of Professional Conduct governs an attorney's ethical obligations when terminating representation of a client. In relevant part, Rule 1.16 says that "a lawyer shall . . . withdraw from the representation of a client if . . . the lawyer is discharged." Model Rules of Prof'l Conduct r. 1.16(a)(3) (Am. Bar Ass'n 2018).

Neither Rule 1.16 nor the ABA's official comments explaining it explicitly define what it means for a client to "discharge" a lawyer. See id.; Model Rules of Prof'l Conduct r. 1.16 cmts. [4]–[6] (Am. Bar Ass'n 2018). Moreover, the Court has not been able to identify any ABA ethics opinions explicitly defining the term. Nonetheless, the Court is convinced that "discharged," as used in Rule 1.16, requires a client to take some affirmative action to terminate a representation. It is not enough for a client to impliedly discharge the

2

lawyer; she must take some positive action to inform the lawyer that her services are no longer desired.

This reading of Rule 1.16 accords with the U.S. Court of Appeals for Veterans Claims's interpretation of it. Hawkins v. Principi, No. 03-2108, 2004 WL 396064, at *2 (Vet. App. Feb. 20, 2004) (requiring "affirmative termination of the attorney-client relationship"). It is also implied by the ABA's official comments on Rule 1.16, which, for example, recommend that appointed counsel discuss with their clients the legal consequences of discharging an appointed attorney. Model Rules of Prof'l Conduct r. 1.16 cmt. [5] (Am. Bar Ass'n 2018). This interpretation is also implicit in ABA ethics opinions, which refer to a client discharging his lawyer in the course of "select[ing] counsel of his choice." ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 99-414 at 2 & n.3 (1999). Finally, this understanding of Rule 1.16 comports with the plain meaning of the word "discharge," which Black's Law Dictionary defines as "[a]ny method by which a legal duty is extinguished." *Discharge*, Black's Law Dictionary (11th ed. 2019).

Under this understanding of Rule 1.16, Ms. Johnson has not discharged Ms. Brinton. It is true that in her email to Mr. Hearne and in her declaration, Ms. Johnson said that she would like Mr. Hearne, not Ms. Brinton, to represent her interests in her rails-to-trails case against the Government. See Dkt. 22-2 at 1; Dkt. 29-1 at 2–3. However, Ms. Johnson also signed an engagement letter hiring Ms. Brinton and her firm Lewis Rice to represent her in a potential rails-to-trails case. Dkt. 27-1 at 2. Ms. Brinton says that after Ms. Johnson signed the engagement letter with Lewis Rice, she never contacted Ms. Brinton or Lewis Rice to terminate the engagement. Dkt. 27 at 7–8. Ms. Brinton's version of events is corroborated by Ms. Johnson's declaration, in which Ms. Johnson refers to an email she sent to Mr. Hearne—not Ms. Brinton—stating that she wanted Mr. Hearne to represent her. Dkt. 29-1 at 2; see also Dkt. 22-2 at 1.

It may well be that Ms. Johnson wants Mr. Hearne to represent her. If that is the case, though, Ms. Johnson must reach out to Ms. Brinton to discharge her. At this juncture, it would be inappropriate for the Court to rule on Mr. Hearne's motion to enter, because Ms. Johnson has not discharged Ms. Brinton. It is therefore unclear whether Ms. Brinton or Mr. Hearne represents Ms. Johnson's interests in this case. Accordingly, Mr. Hearne's motion is STAYED pending Ms. Johnson's election of counsel.

Conclusion

For these reasons, consideration of Mr. Hearne's motion is STAYED pending Ms. Johnson's election of counsel. Ms. Brinton and Mr. Hearne shall send Ms. Johnson a joint letter via certified mail, asking her to make an election of counsel. In this letter, Ms. Brinton and Mr. Hearne shall inform Ms. Johnson that if she does not wish to be represented by Ms. Brinton, she must notify Ms. Brinton of this fact. If Ms. Brinton and Mr. Hearne do not receive a response from Ms. Johnson within seven days, they shall

follow up with her via a joint e-mail message.  Ms. Brinton and Mr. Hearne shall file a joint status report informing the Court of the result of these communications on or before April 17, 2020.

    IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge
